UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| | | |
|---|---|---|
| BUDD LARNER, P.C., | : | Case No.: 7:19-cv-01720-CS |
| | : | |
| Plaintiff, | : | **ANSWER WITH CROSS-** |
| - against – | : | **CLAIMS AGAINST CO-** |
| | : | **DEFENDANT, ROCCO** |
| ROCCO ROMEO and JACQUELINE | : | **ROMEO** |
| GALLER a/k/a STAR GALLER, | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------------x

Defendant Jacqueline Galler a/k/a Star Galler, by her attorneys, Ostrer & Associates, P.C.,

answering the Complaint of the Plaintiff, alleges as follows:

### ANSWERING THE FIRST TWO UNNUMBERED PARAGRAPHS APPEARING UNDER THE HEADING "NATURE OF THIS ACTION"

1.      Denies the allegations stated or contained in the in the first unnumbered paragraph

of the Complaint as alleged against her, and denies having knowledge or information sufficient to

form a belief as to the allegations stated against the defendant, Rocco Romeo.

2.      Answering the second unnumbered paragraph, defendant Galler admits that she

resides in the State of New York, denies having knowledge or information sufficient to form a

belief as to the allegations stated against the defendant, Rocco Romeo, and otherwise denies the

allegations stated or contained in the second unnumbered paragraph of the complaint.

### THE PARTIES

3.      Denies having knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in ¶s 1 and 2 of the Complaint.

4.   Admits the allegations stated or contained in ¶3 of the Complaint.

## JURISDICTION AND VENUE

5.    Admits the allegations stated or contained in ¶4 of the Complaint as to Galler, but denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Romeo.

6.    Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶s 5 and 6 of the Complaint.

## FACTS COMMON TO ALL COUNTS

7.    Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶s 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 36, 41, 44, 45, 46 and 47 of the Complaint.

8.    Answering ¶s 18, 30, 31, 32, 33, 34, 35, 38, 39, 40, 42, 43,   of the Complaint, defendant Galler denies the allegations as stated against her, and otherwise denies having knowledge or information sufficient to form a belief as to the allegations contained in ¶s 18, 30, 31, 32, 33, 34, 35, 38, 39, 40, 42 and 43 of the Complaint.

9.    Admits the allegations contained in ¶37 of the Complaint.

## COUNT ONE [Civil Rico]

10.    Answering ¶48 of the Complaint, Defendant repeats, reiterates and realleges each and every response to the allegations stated or contained in ¶s 1 through 9 above, inclusive, with the same force and effect as if more fully set forth herein.

11.    Defendant Galler denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in ¶ 49 of the Complaint, except denies that Romeo was associated in fact with Galler.

12.     Denies the allegations contained in ¶s 50, 51, 52, 53, 54, 55, 56, 57 and 58 of the Complaint.

## COUNT TWO [Fraud]

13.     Answering ¶59 of the Complaint, Defendant repeats, reiterates and realleges each and every response to the allegations stated or contained in ¶s 1 through 12 above, inclusive, with the same force and effect as if more fully set forth herein.

14.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶s 60, 61, 62, 63, 64 and 65 of the Complaint.

## COUNT THREE [Conversion]

15.     Answering ¶66 of the Complaint, Defendant repeats, reiterates and realleges each and every response to the allegations stated or contained in ¶s 1 through 14 above, inclusive, with the same force and effect as if more fully set forth herein.

16.     Paragraph 67 of the Complaint states a conclusion of law, not allegations of fact and as such Plaintiff neither admits nor denies the allegations stated or contained in ¶ 67 of the Complaint, and refers all questions of law to the Court.

17.     Defendant denies the allegations stated or contained in ¶s 68 and 69 of the Complaint as asserted against her, and otherwise denies having knowledge or information sufficient to form a belief as to the allegations contained in ¶s 68 and 69 of the Complaint.

## COUNT FOUR [Unjust Enrichment]

18.     Answering ¶70 of the Complaint, Defendant repeats, reiterates and realleges each and every response to the allegations stated or contained in ¶s 1 through 17 above, inclusive, with the same force and effect as if more fully set forth herein.

19.     Defendant Galler denies the allegations stated or contained in ¶s 71, 72, 73 and 74 of the Complaint as asserted against her, and otherwise denies having knowledge or information sufficient to form a belief as to the allegations contained in ¶s 71, 72, 73 and 74 of the Complaint.

### COUNT FIVE [Constructive Trust]

20.     Answering ¶75 of the Complaint, Defendant repeats, reiterates and realleges each and every response to the allegations stated or contained in ¶s 1 through 19 above, inclusive, with the same force and effect as if more fully set forth herein.

21.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶s 76, 77, and 78 of the Complaint.

22.     Defendant Galler denies the allegations stated or contained in ¶s 79, 80 and 81 of the Complaint as asserted against her, and otherwise denies having knowledge or information sufficient to form a belief as to the allegations contained in ¶s 79, 80 and 81 of the Complaint.

### COUNT SIX [Accounting]

23.     Answering ¶82 of the Complaint, Defendant repeats, reiterates and realleges each and every response to the allegations stated or contained in ¶s 1 through 22 above, inclusive, with the same force and effect as if more fully set forth herein.

24.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶s 83, 84, 85, 86 and 87 of the Complaint.

### COUNT SEVEN [Preliminary Injunction]

25.     Answering ¶88 of the Complaint, Defendant repeats, reiterates and realleges each and every response to the allegations stated or contained in ¶s 1 through 24 above, inclusive, with the same force and effect as if more fully set forth herein.

4

26.     Defendant Galler denies the allegations stated or contained in ¶s 89, 90, 91, 92 and 93 of the Complaint as asserted against her, and otherwise denies having knowledge or information sufficient to form a belief as to the allegations contained in ¶s 89, 90, 91, 92 and 93 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27.     The Complaint, and each cause of action therein, fails to state claim against the defendant Galler upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28.     Plaintiff's claims are barred, in whole or in part, by its failure to mitigate or avoid its claimed damages or otherwise act to lessen or reduce the injuries and damages alleged in the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28.     Plaintiffs' claims, including its request for treble damages, are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands and/or similar doctrines and equitable doctrines, in that, *inter alia*, Plaintiff had reason to know about the unlawful actions of Rocco Romeo, yet failed to take appropriate steps to avoid, prevent, or minimize such actions.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30.     Any verdict or judgment for the plaintiff which includes economic loss must be reduced by the amounts which have been or will be replaced or indemnified by any third party or collateral source.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31     That plaintiff's damages, if any, were caused by superseding or intervening events and/or by persons and/or events over which this defendant had no control.

5

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32.     That plaintiff's damages, if any, were caused by acts or omissions of persons or entities other than this answering defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33.     Plaintiff's claims are barred or limited by its own culpable conduct, including but not limited to their failure to supervise, monitor and oversee the actions of defendant Romero and by its own negligence or the negligence of its agents, employees, or representatives, or third-parties over which the answering defendant had no control.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34.     Plaintiff's equitable claims should be dismissed as it has an adequate remedy at law.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

35.     Plaintiff's seventh cause of action should be dismissed to the extent that it has been superseded by or is inconsistent with this Court's Order Granting Preliminary Injunction dated March 13, 2019.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36.     The answering defendant does not now and never has had possession, custody or control of the plaintiff's assets.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST THE DEFENDANT, ROCCO ROMEO

37.     Defendant repeats, reiterates and realleges each and every response to the allegations stated or contained in ¶s 1 through 36 above, inclusive, with the same force and effect as if more fully set forth herein.

38.     Upon information and belief, that if the plaintiff was caused to sustain the injuries and damages at the times and manner alleged in the Complaint and if such injuries and damages were not sustained by reason of the plaintiff's culpable conduct, in whole or in part, then such injuries and damages were sustained as a result of the primary, active and affirmative acts of the co-defendant Romeo Rocco, and this answering defendant does claim contribution over and against the co-defendant Romeo Rocco.

39.     Upon information and belief, that if the plaintiff recovers a verdict or judgment against the answering defendant, that by reason of the aforesaid, said defendant will be entitled by law, contract or equity to be indemnified in whole or in part by the co-defendant, Romeo Rocco.

## AS AND FOR A SECOND CROSS-CLAIM FOR FRAUD AGAINST THE DEFENDANT, ROCCO ROMEO

40.     Defendant repeats, reiterates and realleges each and every response to the allegations stated or contained in ¶s 1 through 39 above, inclusive, with the same force and effect as if more fully set forth herein.

41.     In its Complaint the plaintiff alleges that the defendants, Romeo and Galler, conspired and acted in concert to steal money from plaintiff, including the creation of fictitious shell companies to divert monies from the Firm using *inter alia,* shell accounts, and that they transferred the Firm money into various accounts, from which the Firm monies were used for their own personal use.

42.     Plaintiff alleges, further, that Galler and Romeo laundered Firm money in various ways using these shell companies and various accounts through a series of transfers and deposits.

7

43.     Plaintiff alleges that Galler opened a Chase Bank Account in 2015 in the corporate name "S7 technotech LLC" as part of the alleged money laundering scheme; that Galler made cash withdrawals from the Chase account; that she made online payments from the Chase account to a credit card issued in her name and that she made electronic transfers to a chase account owned by Romeo.

44.     Plaintiff alleges that Galler and Romeo used a FreshBooks account as part of the alleged money laundering scheme.

45.     Plaintiff alleges that Galler and Romeo laundered Firm money using WePay, and that WePay has a Seventech account registered to Galler.

46.     Plaintiff alleges that funds fraudulently obtained by Romeo were placed into Galler's PayPal account, and that she used those funds to pay personal expenses or transmitted funds into Romeo's Pay Pal Account.

47.     With the exception of opening a Chase account in 2015 in the name"S7 technotech LLC" Galler did not perform, participate in or have any knowledge of any of the transactions alleged in the Complaint.

48.     Upon information and belief, all of the transactions alleged in the Complaint to have been performed by Galler or by Galler and Romeo, were performed by Romeo without Galler's participation, involvement, knowledge or consent.

49.     Upon information and belief, if any of the transactions occurred as alleged, they were conducted by Romeo, without Galler's participation, involvement, knowledge or consent.

50.     Upon information and belief, Romeo asked Galler to create the entity "S7 technotech LLC".

51.     Romeo told Galler he wanted to create S7 Technotech LLC because he was starting a new business, that he was planning to divorce his then wife, that he did not want his then wife to have any legal or equitable rights to the new company he was creating.

52.     Upon information and belief, Romeo made these representations to Galler knowing them to be false.

53.     In fact, Romeo wanted to use the LLC for his own purposes in furtherance of his scheme to steal Firm funds.

54.     Romeo created other entities for his use, and his use alone, in furthering his scheme.

53.     Upon information and belief, Romeo made these false representations to Galler for the purpose of inducing her to open a Chase account in the name "S7 technotech LLC" for his own use in diverting Firm moneys, including making ATM withdrawals, online payments and electronic transfers, all for his own use and benefit and without the knowledge, involvement, participation or consent of Galler.

54.     Upon information and belief, Romeo made these false representations to Galler for the purpose of inducing her to open a Chase account in the name "S7 technotech LLC" so that he could obtain a debit card.  Romeo created his own password for the debit card and, upon information and belief, used it exclusively for his own purposes and to further his scheme to divert monies from the Firm for his personal use.  Galler did not have access to the password, the debit card and never used it.

54.     Upon information and belief, Romeo made these false representations to Galler to enable him to obtain access to, or create various accounts in Galler's name or using Galler's personal information, all for the purpose of furthering the alleged scheme to appropriate and divert Firm funds for his own use, all without Galler's knowledge, participation or consent including, but

9

not limited to opening a FreshBooks account, opening a PayPal account and opening a WePay Account, none of which Galler knew existed, used or had access to.

55.    Galler reasonably relied on the misrepresentations to her detriment.

56.    As a result of the fraudulent statements and representations made to Galler by Romeo, Galler has been implicated in criminal activity, and has been sued for money damages for actions committed solely by Romeo.

57.    As a result of the foregoing, if the plaintiff recovers a verdict or judgment against the answering defendant, that by reason of the aforesaid, said defendant will be entitled by law or equity to be indemnified in whole or in part by the co-defendant, Romeo Rocco.

**WHEREFORE**, the defendant, Jacqueline Galler, a/k/a Star Galler, requests an order of this Court: 1) dismissing the Complaint in its entirety, with costs and disbursements; 2) for judgment on her first cross-claim in her favor against co-defendant Rocco Romeo; for judgment on her second cross-claim in her favor against co-defendant Rocco Romeo; and 4) for such other and further relief as this Court deems appropriate.

Dated: Chester, New York
       April 23, 2019

_____
David L. Darwin, Esq.
Ostrer & Associates, P.C.
*Attorneys for Defendant*
*Jacqueline Galler a/k/a Star Galler*
111 Main Street – P.O. Box 509
Chester, New York 10918
(845) 469-7577
ddarwin@ostrer.com

To:    Philip C. Chronakis, Esq.
       Budd Larner, P.C.
       260 Madison Avenue – 18th Floor
       New York, New York 10016
       (212) 455-0436